# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3509 | **DATE** | 11/12/2002 |
| **CASE TITLE** | United States of America vs. Athena Stavros | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   The motion to dismiss is granted in part and denied in part. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | NOV 13 2002 | 9 |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| SLB | courtroom deputy's initials | 02 NOV 12 PM 6:28 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


DOCKETED
NOV 1 3 2002

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 02 C 3509 |
| v. ) | |
| ) | Judge George W. Lindberg |
| ATHENA STAVROS, as personal representative ) | |
| of the Estate of Steve O. Stavros, ) | |
| JULIE LYNN STAVROS, KIMBERLY SUE ) | |
| SCHMITZ, KELLY LEIGH STAVROS, and ) | |
| NEW CENTURY MORTGAGE CORP., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION AND ORDER

Defendants have moved pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss plaintiff's complaint. For the reasons stated below, the motion to dismiss is granted in part and denied in part.

The following facts are taken from the complaint. On January 8, 1988, the Internal Revenue Service notified spouses Steve and Athena Stavros of proposed adjustments to their federal tax liability for the years 1979 through 1983, based the disallowance of claimed investment tax credits. Twelve days later, Steve and Athena Stavros transferred their interests in a condominium unit and their personal residence to their daughters, defendants Julie Lynn Stavros, Kelly Leigh Stavros, and Kimberly Sue Schmitz. These transfers were made for no consideration, or inadequate consideration. Steve Stavros continued to live in his personal residence after the transfer.

On May 31, 1988, Steve Stavros died. Following Steve Stavros's death, Athena Stavros filed a Small Estate Affidavit, which listed a trust valued at $3,500 as the sole asset of the estate.

On September 28, 1990, the Commissioner of Internal Revenue issued a notice of

9

deficiency to Athena Stavros and the Estate of Steve O. Stavros, asserting a $21,065 income tax deficiency for the years 1979 through 1983. In response to the notice of deficiency, Athena Stavros filed a petition with the United States Tax Court, under the caption "Estate of Stavros, et al v. Commissioner." The parties in that case eventually entered into a Stipulation of Settlement, which affirmed the disallowance of investment tax credits with respect to the Estate of Steve O. Stavros. The settlement acknowledged that Athena Stavros qualified as an innocent spouse under 26 U.S.C. § 6013(e), and that she was not liable for the deficiency. On January 23, 1992, the Tax Court sustained the deficiencies against the Estate of Steve O. Stavros. On May 26, 1992 and June 17, 1992, a delegate of the Secretary of the Treasury made assessments against the Estate of Steve O. Stavros pursuant to the Tax Court decision, and sent notice of the assessment and demand for payment to the estate. No payments were made. According to the complaint, as of February 28, 2002, the accrued tax liabilities, penalties, and interest owed totaled $178,851.11.

On May 15, 2002, the federal government filed this action, seeking to reduce the 1992 assessments to a judgment against the Estate of Steve O. Stavros; declare that Steve and Athena Stavros's transfer of properties to their daughters was fraudulent; foreclose federal tax liens on the properties transferred to the daughters; hold that the daughters are liable for the tax deficiency to the extent of the value of the properties they received; and hold that the daughters were unjustly enriched to the detriment of the United States as a result of the property transfers. Defendants have moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

The court first reviews defendants' charge that the court lacks subject matter jurisdiction. In considering a motion to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1), the court must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor. Transit Exp., Inc. v. Ettinger, 246 F.3d 1018, 1023 (7th Cir. 2001). The court may properly consider material outside the pleadings on a motion to dismiss for lack of jurisdiction. See Sapperstein v. Hager, 188 F.3d 852, 855 (7th Cir.

2

1999). When the court's jurisdiction has been challenged, "[t]he plaintiff has the obligation to establish jurisdiction by competent proof." Id.

Defendants contend that the court lacks jurisdiction to enter judgment against the Estate of Steve O. Stavros because the estate does not have the capacity to be sued. In support of their contention, they state that after Steve Stavros died, no probate estate was opened and a personal representative was not appointed to act on behalf of his estate. Accordingly, they argue, under Illinois law, no estate exists to be sued and the court does not have jurisdiction to decide a claim made against the estate.

Federal Rule of Civil Procedure 17(b) provides that the capacity to be sued of an individual acting in a representative capacity is determined by the law of the state in which the district court is held. Under Illinois law, a court lacks the authority to adjudicate claims made against a decedent's estate until the decedent's will is admitted to probate, or, in the case of intestacy, until letters of administration issue. Estate of Gebis, 710 N.E.2d 385, 389 (Ill. 1999). This procedure serves the purpose of preserving the schedule establishing the priority in which claims against an estate must be paid; a contrary result would permit a claimant to circumvent the priority schedule. See id. at 389.

Here, the government offers no evidence that Steve Stavros's will was admitted to probate.[1] Instead, the government argues that because Athena Stavros signed a small estate affidavit and filed an action in Tax Court on behalf of the estate, the estate may be subject to suit. The court disagrees. The administration of small estates through the use of the small estate affidavit takes place outside the judicial process. See 755 ILCS 5/25-1. Thus, as in other circumstances in which a creditor wishes to pursue a claim against an estate where no estate has been opened, the creditor must petition the court for admission of the decedent's will to probate.[2]

---

[1] The mere act of filing a will does not open an estate. See 755 ILCS 5/6-2.

[2] Alternatively, a creditor may be able to seek recovery against the affiant of the small estate affidavit. See 755 ILCS 5/25-1(c) ("[t]he affiant signing the small estate affidavit...shall

3

See 755 ILCS 5/6-2. Moreover, Athena Stavros could not confer on the court jurisdiction over the estate through her act of filing suit in Tax Court in the name of the estate. Accordingly, the court concludes that it does not have the authority to grant relief against the Estate of Steve O. Stavros, and dismisses Count I of the complaint.

The court next considers defendants' arguments that the remaining claims should be dismissed under Rule 12(b)(6). When ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must consider "whether relief is possible under any set of facts consistent with the allegations of the plaintiff's complaint." Pokuta v. Trans World Airlines, Inc., 191 F.3d 834, 839 (7th Cir. 1999). That is, if it is possible to hypothesize a set of facts that would entitle the plaintiff to relief, consistent with the allegations in the complaint, dismissal under Rule 12(b)(6) is inappropriate. Graehling v. Village of Lombard, 58 F.3d 295, 297 (7th Cir. 1995).

Defendants contend that the government's fraudulent conveyance claim in Count II of the complaint is barred by the four-year limitations period provided in the Illinois Uniform Fraudulent Transfer Act ("UFTA"). See 740 ILCS 160/10. The government responds that the timeliness of actions brought by the United States is not governed by state statutes of limitations.[3] As the United States Supreme Court has long held, "[w]hen the United States becomes entitled to a claim, acting in its governmental capacity and asserts its claim in that right, it cannot be deemed to have abdicated its governmental authority so as to become subject to a state statute putting a time limit upon enforcement." United States v. Summerlin, 310 U.S. 414, 417 (1940). The government argues that since there is no express congressional directive subjecting the

---

indemnify and hold harmless all creditors and heirs of the decedent and other persons relying upon the affidavit who incur loss because of such reliance").

[3] The government also argues that the UFTA, which went into effect in 1990, does not apply retroactively to the 1988 transfers at issue here. Given the court's conclusion that the UFTA's limitations period would not apply to an action filed by the federal government in any event, the court need not reach this argument.

United States to a state statute of limitations, the ten-year limitations period prescribed by 26 U.S.C. § 6502(a)(1) should apply.

Defendants' position relies in part on the commentary to the Uniform Laws Annotated version of the UFTA, which states that the purpose of the limitations provision "is to make clear that lapse of the statutory periods prescribed by the section bars the right and not merely the remedy. The section rejects the rule applied in United States v. Gleneagles Inv. Co., 565 F. Supp. 556, 583 (M.D. Pa. 1983) (state statute of limitations held not to apply to action by United States based on Uniform Fraudulent Conveyance Act)." Unif. Fraudulent Transfer Act § 9, comment (1) (citations omitted).

In further support of their position, defendants cite an opinion from the District of Hawaii, in which the district court examined Hawaii's version of the UFTA, which contains a limitations provision that is identical to Illinois' version. See United States v. Vellalos, 780 F. Supp. 705 (D. Hawaii 1992). The Vellalos court read Summerlin to stand for the limited proposition that states may not limit the federal government's common law right to collect a debt through a statute of limitations. Id. at 707. However, the court concluded, Summerlin does not limit a state's right to extinguish a statutory cause of action through a statute of repose following the expiration of a prescribed time period, even with respect to rights held by the United States. Id. The court concluded that Hawaii's UFTA extinguished the cause of action sought to be brought by the federal government. Id. at 708.

Defendants urge the court to follow the reasoning of the Vellalos court, and hold that the rule set forth in Summerlin does not apply to the Illinois UFTA because the limitations provision is a statute of repose. The court declines defendants' invitation. Numerous other courts, including one in this district, have rejected the distinction between common law actions and statutory actions made by the Vellalos court, in the context of analyzing their states' versions of the UFTA. See, e.g., United States v. Hatfield, No. 94-50397, 1996 WL 153686, at *3 (N.D. Ill. Apr. 2, 1996) (Reinhard, J.); United States v. Zuhone, No. 96-1078, 1996 WL 437509, at *3

5

(C.D. Ill. May 29, 1996); Stoccklin v. United States, 858 F. Supp. 167, 168 (M.D. Fla. 1994), aff'd, 120 F.3d 273 (11th Cir. 1997); Flake v. United States, No. 93-0306, 1995 WL 735740, at *3-4 (D. Ariz. Sept. 29, 1995); see also United States v. Bantau, 907 F. Supp. 988, 991 (N.D. Tex. 1995) (rejecting application of UFTA limitations period in tax case brought by federal government, without reference to Vellalos distinction). The court agrees with the reasoning of these courts, and finds that the UFTA's limitations period does not apply in this case, and that the government's fraudulent conveyance claim is timely under the ten-year statute of limitations imposed by 26 U.S.C. § 6502(a)(1). Accordingly, defendants' motion to dismiss Count II is denied.

Defendants next argue that Count III, which seeks to foreclose federal tax liens against property transferred by Steve Stavros to his daughters, should be dismissed. Defendants contend that if these transfers were held to have been fraudulent, title in the properties would then revert to the original status held prior to the transfers. According to defendants, title in the Stavros personal residence had been held by Steve and Athena Stavros as joint tenants, and title in the condominium had been held by Steve Stavros, Athena Stavros, and her mother as joint tenants, prior to the transfers. Thus, if the transfers were set aside, the properties would then pass by operation of law to Athena Stavros and her mother upon the death of Steve Stavros, where they would be beyond the government's reach.

The manner in which Steve Stavros held title in the properties at issue prior to their transfer is not alleged in the complaint. Rather, defendants offer this information in their brief in support of their motion to dismiss. The court may not consider information outside the complaint on a motion to dismiss under Rule 12(b)(6). Wilkow v. Forbes, Inc., 241 F.3d 552, 555 (7th Cir. 2001). The court therefore cannot consider defendants' allegation that the properties at issue were held in joint tenancy without converting the motion to a motion for summary judgment, see Fed. R. Civ. P. 12(b)(6), an action the court declines to take. Defendants' motion to dismiss Count III is denied

The portion of defendants' motion to dismiss attacking Count IV, which alleges transferee liability, suffers from a similar flaw. Defendants argue that they cannot be held liable as transferees for the tax deficiencies because no transferor party exists against which the tax assessments could be reduced to judgment. This argument is based on defendants' allegation in their motion to dismiss that no estate was opened following the death of Steve Stavros. While the court could properly consider this information outside the pleadings in the context of evaluating a motion to dismiss for lack of jurisdiction under Rule 12(b)(1), the court may not consider this information in the context of evaluating a motion to dismiss for failure to state a claim upon which relief could be granted under Rule 12(b)(6). Therefore, defendants' motion to dismiss Count IV is denied.

Finally, although they present no argument on the issue, defendants move to dismiss the unjust enrichment in Count V, because it is "based on the viability of Counts I through IV." Unjust enrichment can be pleaded as a separate cause of action under Illinois law. See Scholes v. Ames, 850 F. Supp. 707, 711-12 (N.D. Ill. 1994), aff'd, 56 F.3d 750 (7th Cir. 1995); Scholes v. African Enter., Inc., 838 F. Supp. 349, 357 (N.D. Ill. 1993) (citing HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc., 545 N.E.2d 672 (Ill. 1989)), aff'd, 56 F.3d 750 (7th Cir. 1995). Defendants' motion to dismiss Count V is denied.

**ORDERED:** The motion to dismiss is granted in part and denied in part.

ENTER:

*[signature]*

George W. Lindberg
Senior United States District Judge

DATED: **NOV 12 2002**

7